## THE STATE v. JOSEPH ARMONTROUT.

Taking up and using a stray horse, without first having legally advertised the same, and without first having made oath, and estrayed the same according to law, authorizes a criminal prosecution.

Appeal from Lamar. Tried below before Hon. W. S. Todd. Indictment for unlawful use of an estray. Defendant excepted upon the ground that the indictment charged no offence. Exception sustained.

*Attorney General*, for the State.

*B. T. Selman*, for appellee.

ROBERTS, J. The defendant was indicted for taking up and using a stray horse, without first having legally advertised the same, and without first having made oath and estrayed the same, in accordance with the law, contrary to the intent and meaning of the Act regulating estrays, passed February the 8th, 1850. He excepted upon the ground "that it does not appear from the allegations in said indictment that any offence against the laws of the State was committed by defendant."

The exception was sustained by the Court. The law permits an animal that is estrayed to be used in moderation. (Hart. Dig. Art. 1257.) It inflicts a severe punishment upon any one who shall send or take away or dispose of such estray, (horse, &c.,) for gain. (Hart. Dig. Art. 1253.) The person who takes up an estray is required to give bond, and encounter other responsibilities, and at the end of a year pay over to the county half the proceeds of the sale of the animal, if the owner does not sooner appear to reclaim it. (Hart. Dig. p. 397.) Under these regulations it would be far more advantageous, to such as might be so disposed, to take up and use a stray horse or other animal, without posting it according to law, and thereby become the full owner of it by possession, if the rightful owner did not follow his property in time to save it. Hence it became necessary to provide a penalty for those who seek this advantage, as an easy mode of acquiring property, without the trouble and responsibilities of posting it under the law. That penalty is double the value of the animal taken up and used, according to the 7th Section of the "Act Regulating Estrays" of 1850, under which this indictment was found. (Hart. Dig. Art. 1254.) Without some such punitory sanction, the whole estray law would be, for the most part, inoperative.

This Section of the Act is somewhat obnoxious to the exception that might be taken to it, as a penal law, for its generality. The force of this objection, however, is much diminished when the very general object of this Section is considered, it being the main spring which starts and keeps in action the whole estray law, in reference to horses, mules, &c. And the reason why it is not applied to cattle and other stock is, it is presumed, because the small value of such animals is a sufficient security against the evasion of the law as to them. This being the object of the law, one of the most obvious and important steps, which it is its province to enforce, is the immediate advertisement of the animal, and afterwards the mak-

ing the oath, &c., as required by the Statute. (Hart. Dig. Art. 1248-9.)

It is contended that the defendant may have taken up and used the horse in obedience to the Act itself, and for the purpose of carrying it into effect.

The case of Barrett v. Lightfoot, decided in Kentucky, (1 Monroe, 241,) presents some features of analogy on this subject. There it was held upon the authority of old English decisions, that no necessity could justify the use of a stray horse, before the same was posted, although the horse was taken up for that purpose, unless such use have reference to the benefit of the owner, as milking a cow, &c. ; and that, although taken up for that purpose, and therefore under legal authority, any subsequent abuse of that authority makes the party a trespasser *ab initio*. This is a a civil case of trespass ; but it shows how careful the law has been to prevent evasion and abuse of the estray laws by any use, before some initiatory step has been taken to appropriate the property to a new owner, according to law.

This Section of our Statute, in harmony with the Common Law, makes such use a conversion, and authorizes a civil suit, as well as a criminal prosecution. (Hart. Dig. Art. 1254.)

We think the indictment not liable to the exception taken to it. Judgment is reversed and cause remanded.

Reversed and remanded.